CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 30 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDALL KEYSTONE,<br>    Petitioner, | Civil Action No. 7:06-cv-00182 |
| v. | MEMORANDUM OPINION |
| DIRECTOR, VA DEP'T OF<br>CORRECTIONS,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Randall Keystone, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254.[1] In his petition, Keystone challenges his 1986 convictions in the Circuit Court for the City of Lynchburg for attempted robbery and related offenses. The court imposed a sentence of five years imprisonment. Upon review of the record, the court finds that the petition must be dismissed for failure to state a claim upon which relief could be granted, as all of Keystone's claims are procedurally defaulted. The petition is also untimely under the one-year statute of limitations now applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

I.

Keystone raises two claims in his current petition: ineffective assistance of counsel and involuntary guilty plea. He did not appeal his March 14, 1986 convictions. He filed a state habeas petition in the circuit court, which was dismissed in March 2005 because it was untimely filed and petitioner was not "in custody" pursuant to the sentence he was challenging. Keystone

---

[1] Petitioner originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the court that imposed the judgment under challenge is located in this district.

1

appealed to the Supreme Court of Virginia, but had not heard back from that court when he filed the federal petition. In support of his petition, Keystone submits a copy of an interrogation conducted on Keystone by law enforcement officials in November 1985 in which Keystone admits fully to his own participation in the attempted robbery of a gas station convenience store clerk. For some incomprehensible reason, Keystone believes this "new evidence" entitles him to habeas relief. He also appears upset that his co-defendant in planning the robbery did not receive any jail time for his involvement because he provided assistance to the state.

II.

It's hard to know where to start in reciting the reasons that this petition must be dismissed. First, Keystone does not demonstrate that he is still "in custody" pursuant to the five year sentence from 1986 that he is challenging in this petition. The state court found that he is no longer "in custody" on this sentence, and the federal court is bound by that factual finding absent clear and convincing evidence to the contrary. § 2254(e)(1). As Keystone makes no such showing, he fails to meet the "custody" requirement for relief under § 2254.

Second, Keystone did not exhaust his state court remedies before filing the federal petition as required under § 2254(b) and his claims are procedurally defaulted. He admits that the Supreme Court of Virginia had not yet ruled on his appeal from the circuit court's denial of habeas relief. Because the circuit court dismissed the state petition as untimely filed, however, this court need not dismiss the federal case to allow Keystone to exhaust. Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992). Nevertheless, because the Supreme Court of Virginia would undoubtedly dismiss his claims as untimely pursuant to Va. Code § 8.01-654, just as the circuit court did, his claims are barred from federal habeas review by the doctrine of procedural default

2

absent a showing of cause and prejudice or "actual innocence." Id. To demonstrate actual innocence as a gateway to review of procedurally barred § 2255 claims, petitioner must make a substantial showing that in light of all the evidence, including specific, reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him" of the underlying crime. Bousley v. United States, 523 U.S. 614, 623 (1998); Schlup v. Delo, 513 U.S. 298, 327 (1995). Keystone claims that he just discovered the interrogation in December 2005 and that somehow it proves that he was actually innocent. This absurd argument fails utterly under Schlup. Keystone admits during the interrogation that he took a knife into the store, intending to rob the woman, and told her that he would cut her if she did not give him money from the cash register. Hearing this interrogation, every reasonable juror would find him guilty of attempted robbery. As Keystone does not show actual innocence or cause and prejudice, his federal claims are procedurally barred from federal habeas review.

Third, the petition is untimely filed under 28 U.S.C. § 2244(d). The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277

F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000).

Keystone's petition is clearly untimely under § 2244(d)(1)(A), based on the date upon which his conviction became final. A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). Keystone was convicted on March 14, 1986 and did not appeal. Therefore, his convictions became final on April 14, 1986 when his appeal time expired. See Virginia Code §8.01-675.3. Because Keystone's convictions were final before April 24, 1996, the date upon which the AEDPA was enacted, he had one year from then–until April 24, 1997--to file a federal habeas petition. See Hernandez v. Cardwell, 225 F.2d 435 (4th Cir. 2000); Brown v. Angelone, 150 F. 3d 370 (4th Cir. 1998). Keystone signed and dated his petition on March 16, 2006. Even considering this date as the date of filing, pursuant to Houston v. Lack, 487 U.S. 266 (1989), the petition is untimely.

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). Keystone does not state the date on which he filed his state habeas petition, but the circuit court dismissed it on March 7, 2005, as untimely. As such, the state petition was not properly filed so as to toll the federal statutory period at all. In any event, Keystone did not sign and date his federal petition until March 16, 2006, more than a year after his state petition was dismissed. Thus, pendency of the circuit court habeas petition does not alter the fact that the federal petition is clearly untimely under § 2244(d)(1)(A).

Keystone claims the transcript of the interrogation from November 1985 is new evidence that should perhaps trigger calculation of his statutory filing period under § 2244(d)(1)(D). He cannot demonstrate exercise of due diligence in finding this "evidence, however, as required under the statute. Since he participated in the interrogation, he clearly knew of its existence even

4

before trial, but does not offer any explanation for his failure to obtain the transcript until twenty years later. Thus, he cannot invoke § 2244(d)(1)(D) to render his petition timely.

Keystone appears to be attempting to excuse his late filing of the petition based on his "actual innocence." As explained, his "new evidence" does not support a colorable claim of actual innocence so as to excuse any procedural default. For the same reasons, it does not warrant invocation of equitable tolling in this case. See Pace v. DiGuglielmo, 544 U.S. 408 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

III.

Under Rule 4 of the Rules Governing §2254 Proceedings, the district judge may dismiss a habeas petition if it is clear from the face of the petition that the petitioner is not entitled to relief. Keystone is no longer in custody on the challenged sentence, the claims are procedurally defaulted, and the petition was not timely filed. Therefore, it is clear from the face of the petition that Keystone is not entitled to relief, and the court will summarily dismiss the petition. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253©. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal

and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 30th day of May, 2006.

/s/ James C. Turk
Senior United States District Judge